ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL 1 2 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| THOMAS WONG, on behalf of himself and all others similarly situated, | § § § |
| | § |
| Plaintiff, | § § |
| | § |
| v. | § |
| | § |
| TRUEBEGINNINGS, LLC, d/b/a TRUE.COM, | § § § |
| | § |
| Defendant. | § |

CIVIL ACTION NO. _____

**3-07CV1244-N**

*13165*

## NOTICE OF REMOVAL

Defendant TrueBeginnings, LLC d/b/a True.com ("True") files this Notice of Removal pursuant to 28 U.S.C. §1441 and §1446 and states:

## BASIS FOR REMOVAL

1.     On June 12, 2007, Plaintiff Thomas Wong ("Plaintiff"), commenced this action by the filing of a Petition styled <u>Thomas Wong, on behalf of Himself and All Others Similarly Situated v. TrueBeginnings, LLC d/b/a True.com</u>, in the 14th Judicial District Court, Dallas County, Texas, Cause No. 07-05545 (the "State Court Suit").

2.     Pursuant to 28 U.S.C. §1446(a) and N.D. Tex. Local Rule 81.1, copies of all process, pleadings, and orders filed in the State Court Suit, as well an index thereof and a copy of the state court docket sheet, are attached hereto as Exhibit A.

3.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), in that it has been filed by True within thirty (30) days after the receipt by True, on June 13, 2007,

through service of a copy of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4.     Plaintiff's action is a civil action that falls under this Court's original subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332. Removal is proper pursuant to the provisions of 28 U.S.C. § 1441.

## BASIS FOR FEDERAL DIVERSITY JURISDICTION

5.     This case is removable under 28 U.S.C. § 1441 because the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1332(d)(2), which provides, in pertinent part: "the district court shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant."

6.     **Diversity of Citizenship.**  At the time of filing of the Petition and this Notice of Removal, Plaintiff was and is a citizen of the State of Washington since he is an individual residing in Seattle, Washington.  Petition ¶ 2.

7.     At the time of the filing of the Petition and this Notice of Removal, True is and was a citizen of Texas since it is a Texas limited liability company with its principal place of business in the State of Texas.  Petition ¶ 3.

8.     Accordingly, the diversity of citizenship requirement is satisfied in this action.  *See* U.S.C. § 1332(d)(2)(A).

9.     **Amount in Controversy.**  In the Petition, Plaintiff seeks to represent a class consisting of "all persons who, during the period beginning four (4) years before the

date on which this complaint [sic] is filed, and ending on the date that the Court certifies a class, were charged service fees by Defendant after they cancelled their True.com subscription (the "Class")." Petition ¶ 44. Plaintiff alleges that Defendant has "more than ten million subscribers" and that "at a minimum, the Class consists of several thousand members." Id. ¶ 47. Plaintiff seeks compensatory damages, injunctive and declaratory relief, together with interest, costs, and attorneys' fees for the class. Petition ¶ 137. Plaintiff claims that all Class members have suffered the same or similar damages. Petition ¶ 42-50.

      10.    According to his Petition:

> Plaintiff on behalf of himself and a class of others who have subscribed to the Service and have been charged unauthorized post-cancellation fees, alleges that the Company's practice of billing and collecting subscription fees from subscribers after they have cancelled constitutes unjust enrichment, conversion, money had and received, negligence, unconscionability, breach of contract, and/or violates the Texas Deceptive Trade Practices and Consumer Protection Act. Plaintiff, on behalf of himself and the class of others similarly situated, seeks compensatory damages, actual damages, punitive damages, equitable relief, and statutory fees against the Company for its unlawful billing and collection of post-cancellation fees. Plaintiff, on behalf of himself and the class of others similarly situated, also seeks an injunction prohibiting the Company from continuing to collect post-cancellation fees for the Service, barring the Company from using certain contract terms, and demanding that the Company implement sufficient systems for cancellation.

Petition ¶ 23; see ¶¶ 52-136.

      11.    On March 30, 2007, Plaintiff provided a written demand (purportedly to comply with the Texas Deceptive Trade Practices – Consumer Protection Act) and

estimate of his claimed damages, stating "class-wide actual damages would exceed $50 million, before any trebling or punitive damages." [Exhibit "B."]

12.     A pre-suit demand letter is sufficient evidence of the amount in controversy, even if a plaintiff later claims that he or she is not claiming enough to establish diversity jurisdiction. Dow Agrisciences, L.L.C. v. Bates, 332 F.3d 323, 326-27 (5th Cir. 2003); accord Wilson v. Belin, 20 F.3d 644, 651 n. 8 (5th Cir. 1994).

13.     Plaintiff apparently contends that cancellation is not possible without incurring "subscription fees and other charges" after cancellation and that at least one million persons have incurred an average of $50 each in improper fees. [Exhibit "B."] Plaintiff individually appears to allege 3 or 4 improper charges of $49.99. Petition ¶¶ 31-35. True sets forth this calculation of amount in controversy without waiving its contention that no cognizable class exists of persons who properly canceled and incurred improper post-cancellation fees.

14.     The foregoing evidence satisfies Defendant's burden to demonstrate that the amount in controversy has been met. See Reibstein v. Continental Tire North Amer., _____ F.Supp. _____, 2007 WL 1030486 (E.D. Pa. April 12, 2007) (motion to remand denied since defendants provided the court with all the information necessary to make a determination that the plaintiff's claim in all likelihood exceeds $5 million). In this regard, 28 U.S.C. § 1332(d)(6) provides: "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs." See also Reibstein at *6. Although True contends no cognizable class exists, Plaintiff's

allegations relate to an aggregate of one million persons who have incurred an average of $50 in improper charges. Therefore, in the aggregate, the amount in controversy far exceeds the jurisdictional minimum.

## **REMOVAL TO THIS JURISDICTION IS PROPER**

15.    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removal of this action from the District Court of Dallas County, Texas to this Court is appropriate.

16.    The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) since this Court sits in the judicial district and division embracing the county where the state action is pending. See 28 U.S.C. §118(a).

17.    A true and correct copy of this Notice has been filed with the District Court of Dallas County, Texas, as required by 28 U.S.C. § 1446.

## **RELIEF REQUESTED**

18.    True respectfully requests that this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial hereto.

Respectfully submitted,

**FIGARI & DAVENPORT, L.L.P.**

By: _____
     Gary D. Eisenstat
     State Bar No. 06503200
     Keith R. Verges
     State Bar No. 20547650
     John M. Barcus
     State Bar No. 24036185

3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (facsimile)

**ATTORNEYS FOR DEFENDANT
TRUEBEGINNINGS, LLC d/b/a
TRUE.COM**

## CERTIFICATE OF SERVICE

On July 12, 2007, the foregoing instrument was sent by hand delivery to Jon G. Shepherd, CREWS, SHEPHERD & MCCARTY, LLP, 2200 Ross Avenue, Suite 4650W, Dallas, Texas 75201 and by certified mail, return receipt requested to Jonathan K. Tycko, TYCKO & ZAVAREEI, LLP, 2000 L Street, NW, Suite 808, Washington, D.C. 20036.

_____
Gary D. Eisenstat



## INDEX OF STATE COURT DOCUMENTS

1.   Docket Sheet and Case Summary

2.   Executed Citation

3.   Letter from Plaintiff's Counsel

4.   Plaintiff's Original Petition

5.   Defendant's Original Answer

**JUDGE'S DOCKET,**

Action:                         Filing:                     No. DC07-05545

**ATTORNEYS**

Jon G Shepherd #00788402
2200 Ross Ave, Suite 4650W
Dallas, TX. 75201
(214) 432-7746  F (214) 432-7771

### DC – 07 – 05545
**Filed: 06/12/2007**

| COMMERCIAL DISPUTE | 14th District Court |
|---|---|

**THOMAS WONG vs. TRUEBEGINNINGS LLC**

| Plaintiff | Lead Attorney |
|---|---|
| WONG, THOMAS | SHEPHERD, JON G |

| Defendant | Lead Attorney |
|---|---|
| TRUEBEGINNINGS L | |



1007000320515 8

| JURY DEMAND DATE | | | DATE GIVEN | TO | SETTINGS | DATE SET | TIME | DATE GIVEN | TO | SETTINGS | DATE SET | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE PAID BY | VOL | PAGE | | | | | | | | ✓ Status | 7/13/07 | |
| REPORTED HEARING | | | | | | | | | | | | |
| DATE | WIT | EX | RPTR | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

| DISPOSITION | | |
|---|---|---|
| To red court | ☐ | |
| To another county | ☐ | |
| D'wvp | ☐ | |
| Nonsuit | ☐ | |
| Default | ☐ | |
| Agreed Jgt | ☐ | |
| Summary Jgt | ☐ | |
| Ex parte Jgt | ☐ | |
| Nonjury trial | ☐ | |
| Jgt on verdict | ☐ | |
| Dir verd or NOV | ☐ | |
| Other disposition | ☐ | |

| JURY ACTIVITY | |
|---|---|
| Voir dire | |
| Jury sworn | |
| Ev to jury | |
| Mistrial | |
| Hung jury | |
| Dir verd | |
| Verdict | |

07-05545

_A-14th_ _____ JUDICIAL DISTRICT
COURT OF DALLAS COUNTY, TEXAS

CAUSE OF ACTION

_____

| DC – 07 – 05545 | |
|---|---|
| Filed:06/12/2007 | |
| COMMERCIAL DISPUTE | 14th District Court |
| THOMAS WONG vs. TRUEBEGINNINGS LLC | |
| Plaintiff **WONG, THOMAS** | Lead Attorney **SHEPHERD, JON G** |
| Defendant **TRUEBEGINNINGS L** | Lead Attorney |

FILE DATE _6-12-07_     COST DEPOSIT $ _225_     JURY _30_
BOND APPROVAL _____ DATE _____ INITIAL PROCESS ISSUED _1-C/7/04_

_____

CONSOLIDATED WITH _____ TRANSFERRED FROM _____
SEVERED FROM _____ DATE _____

| DATE FILED | PLEADINGS/ORDERS/PROCESS ISSUED | BOOK/PAGE |
|---|---|---|
| 6/12/07 | 1 cit atty | |
| 6/15/07 | Pet Cit / Truebeginnings          6/13/07 | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**THESE ARE DISTRICT COURT PAPERS AND MUST NOT BE REMOVED**



**GARY FITZSIMMONS, DISTRICT CLERK**

# CASE SUMMARY
## CASE NO. DC-07-05545

| | | | |
|---|---|---|---|
| **THOMAS WONG** | § | Location: | **14th District Court** |
| vs. | § | Judicial | **MURPHY, MARY** |
| **TRUEBEGINNINGS LLC** | § | Officer: | |
| | § | Filed on: | **06/12/2007** |
| | § | | |

---

### CASE INFORMATION

Case Type:  **COMMERCIAL DISPUTE**
Sub Type:  **CONSUMER/DTPA**

Case Flags:  **JURY DEMAND FILED**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **WONG, THOMAS** | **SHEPHERD, JON G**  214-432-7766 |
| | | |
| **DEFENDANT** | **TRUEBEGINNINGS LLC** | |
| | *REGISTERED AGENT, CURTIS R. SWINSON* | |
| | *12222 MERIT DRIVE, SUITE 1000* | |
| | *DALLAS, TX 75251* | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 06/12/2007 | ORIGINAL PETITION (OCA) | |
| 06/12/2007 | ISSUE CITATION | |
| 06/12/2007 | JURY DEMAND (OCA) | |
| 06/12/2007 | **CITATION**<br>TRUEBEGINNINGS LLC            served  06/13/2007 | |
| 07/13/2007 | **Status Conference** (5:00 PM)  (Judicial Officer: MURPHY, MARY)<br>*NOT A HEARING DOCKETING PURPOSES ONLY FOR THE ADMINISTRATOR ONLY.* | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **PLAINTIFF**  WONG, THOMAS | |
| | Total Charges | 255.00 |
| | Total Payments and Credits | 255.00 |
| | **Balance Due as of  7/6/2007** | **0.00** |

*Printed on 07/06/2007 at 10:48 AM*



**FORM NO. 353-3 – CITATION**

# THE STATE OF TEXAS

**ATTY**

# CITATION

No.: **DC-07-05545-A**

**THOMAS WONG**
vs.
**TRUEBEGINNINGS, LLC., D/B/A TRUE.COM**

**ISSUED**
**on this the 12th day of June, 2007**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By **SPRINGE MCKINLEY**, Deputy

Attorney for Plaintiff
**JON G. SHEPHERD**
**2200 ROSS AVE**
**SUITE 4650 W**
**DALLAS, TEXAS 75201**
**214-432-7777**

FEES NOT PAID

DALLAS COUNTY CONSTABLE
FEES PAID

To:
**TRUEBEGINNINGS, LLC.,**
**REGISTERED AGENT, CURTIS R. SWINSON**
**12222 MERIT DRIVE SUITE 1000**
**DALLAS, TEXAS 75251**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and        petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.
Said Plaintiff being **THOMAS WONG**

Filed in said Court  **on this the 12th day of June, 2007** against

**TRUEBEGINNINGS, LLC, D/B/A TRUE.COM,**

For suit, said suit being numbered **DC-07-05545-A** the nature of which demand is as follows:
Suit On COMMERCIAL DISPUTE etc. as shown on said petition        , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **12th day of June, 2007**

By _____ SPRINGE MCKINLEY, Deputy

ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County Texas

CAUSE NO. DC-07-05545-A

| | | |
|---|---|---|
| THOMAS WONG, on behalf of himself and all others similarly situated | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff(s), | § | |
| VS. | § | 14TH JUDICIAL DISTRICT |
| | § | |
| TRUEBEGINNINGS, LLC D/B/A TRUE.COM | § | |
| | § | |
| Defendant(s). | § | DALLAS COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

Came to hand on **Tuesday, June 12, 2007 at 6:30 PM,**
Executed at: **12222 MERIT DRIVE SUITE 1000, DALLAS, TX 75251**
within the county of **DALLAS** at 10:55 AM, on **Wednesday, June 13, 2007,**
by delivering to the within named:

### TRUEBEGINNINGS.COM

By delivering to its' **Registered Agent, CURTIS R SWINSON**
Each, in person a true copy of this

### CITATION and PLAINTIFF'S ORIGINAL PETITION and DALLAS COUNTY CIVIL DISTRICT COVER SHEET

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Randolph K. Burham** who after being duly sworn on oath states: "My name is **Randolph K. Burham**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they apply to service of process. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

**Randolph K. Burham**

Of:   **Dallas County**

By:

Authorized Person - SCH267

Given under my hand and seal of office on this 14TH day of June, 2007.

Notary Public in and for The State of Texas

**GREG BENEFIELD**
Notary Public, State of Texas
My Commission Exp. 12-27-2009



# CREWS, SHEPHERD & McCARTY LLP

## LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

2200 ROSS AVE., SUITE 4650W  DALLAS, TEXAS 75201
TEL:214.432.7770  FAX:214.432.7771  CSM-LAWYERS.COM

FILED
07 JUN 12  PM 12: 37
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

JON G. SHEPHERD
DIRECT: 214.432.7766
JSHEPHERD@CSM-LAWYERS.COM

June 12, 2007

DC 07-05545 A-14th

Gary Fitzsimmons                                          ***VIA HAND DELIVERY***
DALLAS COUNTY DISTRICT CLERK
George L. Allen, Sr. Courts Building
600 Commerce Street
Dallas, Texas  75202-4606

     *Re:*   *Thomas Wong v. TrueBeginnings, LLC d/b/a True.com*

Dear Mr. Fitzsimmons:

     Enclosed for filing in connection with the above matter are the original and two (2) copies of **Plaintiff's Original Petition** and accompanying **Dallas County Civil District Court Cover Sheet**.  Please return the extra file-stamped copy to the courier.

     Also enclosed is our firm check No. 1471 in the amount of $255.00 to cover your fees for 1) filing this Petition; 2) issuing one (1) citation upon Defendant TrueBeginnings, LLC via its registered agent identified in the Petition, Curtis R. Swinson at 12222 Merit Drive, Suite 1000, Dallas, Texas 75251; and 3) paying the jury fee.  Upon issuance of the citation, please hold it for pick-up by our process service.

     Thank you for your courtesies.

                     Sincerely,

                     Jon G. Shepherd

JGS/jmh
Enclosures
5205-1

ENTER DEMAND FOR JURY
JURY FEE PAID $30.00
VOL_____PG_____  PLTF   DEF



CAUSE NO. _07-05545_

| | | |
|---|---|---|
| THOMAS WONG, on behalf of himself and all others similarly situated, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| v. | § § § | DALLAS COUNTY, TEXAS |
| TRUEBEGINNINGS, LLC, D/B/A TRUE.COM, | § § § | |
| Defendant. | § | _____ JUDICIAL   DISTRICT |

A-14th

FILED
07 JUN 12 PM 12: 37

GARY FITZSIMMONS

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Thomas Wong, for his complaint against defendant True Beginnings, LLC d/b/a True.com, alleges as follows:

### DISCOVERY LEVEL

1.      Pursuant to Texas Rules of Civil Procedure, Plaintiff asserts that this lawsuit should proceed under a Level 3 Discovery Plan.

### BACKGROUND FACTS

2.      Plaintiff, Thomas Wong, is a resident of Seattle, Washington.

3.      Defendant TrueBeginnings, LLC (referred to hereinafter as "the Company") is a Texas corporation, with its home office and principal place of business at 5215 North O'Connor, Suite 1600, Irving, Texas 75039.  The Company may be served with process via its registered agent, Curtis R. Swinson, 12222 Merit Drive, Suite 1000, Dallas, Texas 75251.

4.      The Company owns and operates a website (hereinafter "True.com") at www.true.com, through which it sells its services.

5.      Via True.com, the Company provides Internet dating services to millions of consumers in the United States.  The Company's services include, but are not limited to: access

to online profiles purportedly of other members, email accounts, dating tips and advice, "compatibility" testing, and online matchmaking services (hereinafter the "Service" or "Services"). The typical monthly subscription fee for the Service is approximately $49.99 for a subscription ("Subscription"), $.99 for services from the "Coaching Center" ("Coaching Center") and $2.99 for "live Chat" services ("live Chat").

6.     For purposes of this Complaint, the "Service" includes the Subscription, Coaching Center, and live Chat.

7.     The Company markets the Service as a way to find "safer, smarter, more satisfying relationships" and boasts that it is the only "online dating and relationship service endorsed by Psychology Today."

8.     The Company requires subscribers to pay the monthly fees for the Service and other charges by credit card or electronic fund transfers from debit cards or bank accounts.

9.     In order to initially subscribe to the Service, the Company requires prospective subscribers to accept the Company's "Terms of Use," and "Terms and Conditions" (hereinafter the "Agreement" and/or "Contract").

10.     According to the "Terms of Use," subscribers agree that in order "to change or terminate my account and my membership subscription at any time, I agree to contact a TRUE Customer Care representative by phone between the hours of 8 a.m. and 8 p.m. (Central) Monday through Friday, and between the hours of 10 a.m. and 7 p.m. (Central) on Saturday and Sunday."

11.     The Company's "Terms and Conditions" state that, in order to resign their Subscription, subscribers must "resign your Trial no later than the 3rd day of activation by calling True.com at 1.866.583.TRUE (8783) and requesting cancellation."

12.     The Company's "Terms and Conditions" state that, in order to resign from the live Chat service, subscribers must "resign your Trial no later than the 3rd day of activation by calling True.com at 1.866.583.TRUE (8783) and requesting cancellation."

13.     The Company's "Terms and Conditions" state that, in order to resign from the "Profile service," subscribers must "resign your Trial no later than the 3rd day of activation by calling True.com at 1.866.583.TRUE (8783) and requesting cancellation."

14.     The Company's "Terms and Conditions" state that, "upon completion of your Trial period," subscribers will be "automatically billed" for the Subscription, Coaching Center services, and live Chat.

15.     According to the "Terms and Conditions," the Subscription, Coaching Center, and live Chat are "separate product offerings that will be charged separately on your credit card if you do not properly cancel before the completion of your Trial period" and that a subscriber "will be automatically renewed on a monthly basis thereafter until you submit your resignation."

16.     According to the "Terms and Conditions" and "Terms of Use," the Service may only be cancelled via telephone and, therefore, subscribers who wish to cancel cannot cancel in writing.

17.     The Company's "Terms and Conditions" include a provision stating that the subscriber "agree[s] not to dispute any authorized charge by True.com or its authorized agents."

18.     The Company's "Terms and Conditions" further state that the subscriber "agree[s] and acknowledge[s] that if you fraudulently report the card used to obtain your subscription as stolen, or if you fraudulent [sic] report that an authorized charge by True.com or its authorized agents is unauthorized, you shall be liable to True.com for liquidated damages of One Thousand Dollars ($1,000.00) per incident."

PLAINTIFF'S ORIGINAL PETITION                                                                    Page 3

19.     The Company's "Terms of Use" inform subscribers that, after proper cancellation, the "membership subscription will not be renewed after [their] then-current term expires."

20.     The Company also advertises on its website that subscribers may "[c]ancel at any time."

21.     On numerous occasions, the Company bills former subscribers for the Service after they have cancelled their subscription, without their knowledge or authorization.  The Company does not notify or obtain permission from their former subscribers in order to bill them after cancellation.  Nevertheless, the Company bills former subscribers and collects fees for these unauthorized charges by applying the fees to former subscriber's credit cards, debit cards, or bank accounts.

22.     Plaintiff subscribed to the Service during the past four years.

23.     By way of this lawsuit, Plaintiff, on behalf of himself and a class of others who have subscribed to the Service and have been charged unauthorized post-cancellation fees, alleges that the Company's practice of billing and collecting subscription fees from subscribers after they have cancelled constitutes unjust enrichment, conversion, money had and received, negligence, unconscionability, breach of contract, and/or violates the Texas Deceptive Trade Practices and Consumer Protection Act.  Plaintiff, on behalf of himself and the class of others similarly situated, seeks compensatory damages, actual damages, punitive damages, equitable relief, and statutory fees against the Company for its unlawful billing and collection of post-cancellation fees.  Plaintiff, on behalf of himself and the class of others similarly situated, also seeks an injunction prohibiting the Company from continuing to collect post-cancellation fees for the Service, barring the Company from using certain contract terms, and demanding that the Company implement sufficient systems for cancellation.

24.     The Company bills monthly subscription fees and other charges to former subscribers after they cancel their subscription.  The Company collects these fees without their former subscribers' authorization, knowledge, or consent.  Former subscribers do not agree to be charged such monthly subscription fees after they cancel their subscription.

25.     The Company uses the financial information collected from subscribers upon the initial establishment of their accounts to charge and collect fees for the Service after cancellation.  The Company engages in this practice even though their former subscribers do not agree to pay such fees and/or charges after they have cancelled their accounts.

26.     Former subscribers who are charged after cancellation attempt to contact the Company to dispute the unauthorized charges.  However, the Company often disputes the cancellation, fails to issue refunds, and continues to bill former subscribers without their permission or authorization.

27.     Plaintiff Thomas Wong signed up online for the Service in August of 2006.

28.     At the time he signed up, Mr. Wong was given a free trial offer.  Mr. Wong also provided his credit card information at the time of his initial sign up.

29.     Mr. Wong allowed his free trial to expire.

30.     On or about August 23, 2006, Mr. Wong was charged $49.99 on his credit card for the Service.  Shortly thereafter, Mr. Wong attempted to cancel his subscription via the True.com website.

31.     On or about September 22, 2006, after his first attempt to cancel, Mr. Wong was charged $49.99 on his credit card for the Service.

32.     On or about October 11, 2006, Mr. Wong called the Company at 1.866.583.TRUE (8783) and cancelled his account again.  When Mr. Wong cancelled his account with the

Company, he did not authorize the Company to sign him up for other services or to bill his credit card for Service fees or any other charges.

33.     On or about November 29, 2006, Mr. Wong was charged $49.99 on his credit card for the Service.

34.     On or about December 7, 2006, Mr. Wong called the Company at 1.866.583.TRUE (8783) and to dispute the November 29th charge and yet again requested cancellation of his account.

35.     On or about February 19, 2007, Mr. Wong was charged $49.99 on his credit card for the Service.

36.     Shortly thereafter, Mr. Wong called the Company at 1.866.583.TRUE (8783). During the call, Mr. Wong disputed the charges and demanded a refund.  Mr. Wong yet again requested that his account be cancelled.  Mr. Wong also requested that his profile be removed from True.com.  Mr. Wong was informed by a representative of the Company that his account had merely been "suspended" and then "reactivated" and, as a result, he was being charged for the Service.  Mr. Wong did not authorize reactivation at any time and again cancelled his account and requested that his profile be removed from the website.  Mr. Wong again demanded a refund.

37.     Despite his numerous requests, Mr. Wong has never received a refund from the Company.

38.     Mr. Wong has fully complied with the requirements of Tex. Bus. & Com. Code § 17.505.

## JURISDICTION AND VENUE

39.     The Court has jurisdiction over this class action under Article V, Section 8 of the Constitution of the State of Texas and the Texas Government Code § 24.007.

40.     The Court has jurisdiction over the Defendant as it maintains its principal place of business within Texas, conducts substantial business within Texas, and the complained of activities occurred in or emanated from Texas.

41.     Venue is proper in this Court under the Texas Civil Practice and Remedies Code §§ 15.001, 15.002, 15.003 because the Defendant's principal office is in this County.

## CLASS ACTION ALLEGATIONS

42.     Paragraphs 1 through 40 are incorporated herein by reference.

43.     This action is properly maintainable as a class action pursuant to Rule 42 of the Texas Rules of Civil Procedure and the case law thereunder.

44.     Plaintiff seeks to represent a class defined as follows:  all persons who, during the period beginning four (4) years before the date on which this complaint is filed, and ending on the date that the Court certifies a class, were charged service fees by Defendant after they cancelled their True.com subscription (the "Class")

45.     The Class will not include any such person who is an employee, officer, director or shareholder of defendant True Beginnings LLC.

46.     The members of the Class are so numerous and widely dispersed that joinder of them in one action is impracticable.

47.     Plaintiff does not currently know the exact number of persons that fall within the Class; however, the Company boasts more than ten million subscribers and subscriptions to True.com are sold online from the Company itself and via links from other online sources;

therefore, upon information and belief, Plaintiff alleges that, at a minimum, the Class consists of several thousand members.

48.     Plaintiff will be an adequate representative of the Class.  Plaintiff is a member of the Class, as defined above.  Plaintiff has no known conflicts of interest with other members of the Class.  Plaintiff has retained experienced and highly-qualified counsel, and Plaintiff's counsel have agreed to advance all necessary costs of this litigation, thereby assuring adequate financial resources to vigorously represent the interests of the Class.

49.     The claims or defenses of the Plaintiff are typical of the claims or defenses of the class in that all members of the Class are former True.com subscribers who were charged Service fees and/or other fees by the Company after they cancelled their accounts.

50.     This case presents questions of law and fact common to the Class, including the following:

a.     Whether the Company billed subscription fees and other charges to former subscribers after they cancelled their subscriptions; and

b.     Whether the Company prevented former subscribers from obtaining refunds for subscription fees and other charges levied on them after they cancelled their subscriptions; and

c.     Whether the Company developed and implemented a scheme to bill subscription fees and other charges to former subscribers after they cancelled their subscriptions; and

d.     Whether the Company maintains insufficient systems for processing and documenting cancellation requests; and

e.      Whether Defendant's conduct constituted conversion, as alleged herein; and

f.      Whether Defendant's conduct constituted unjust enrichment, as alleged herein; and

g.      Whether Defendant's conduct constituted negligence, as alleged herein; and

h.      Whether Defendant's conduct constituted breach of contract, as alleged herein; and

i.      Whether Defendant's conduct constituted moneys had and received, as alleged herein; and

j.      Whether the Company has made false and/or misleading statements in connection with the marketing and sale of subscriptions to True.com; and

k.      Whether the Company made such false and/or misleading statements knowingly or recklessly; and

l.      Whether the Company's false and/or misleading statements violated the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA"); and

m.      Whether the Company's billing and collecting subscription fees and other charges from former subscribers post-cancellation violates Tex. Bus. & C. Code § 17.41 *et seq.*; and

n.      Whether the Company failed to disclose information concerning the Service(s) which was known at the time of contracting with the intent to induce consumers into entering into the Agreement; and

o.      Whether the Company took advantage of the lack of knowledge, ability, experience, or capacity of former subscribers to a grossly unfair degree by falsely advertising that they would not be charged fees for services after cancellation, in violation of the DTPA; and

p.      Whether, by falsely advertising that subscribers would not be charged fees for services after cancellation, the Company represented that its Service(s) have characteristics and/or benefits which it does not have, in violation of the DTPA; and

q.      Whether, by falsely advertising that subscribers would not be charged fees for services after cancellation, the Company advertised its Service(s) with the intent not to sell them as advertised, in violation of the DTPA; and

r.      Whether the Company deceived former subscribers by falsely advertising that reinstatement of their subscription was only achieved by e-mailing or calling the Company, in violation of the DTPA; and

s.      Whether the Company represented that the Agreement conferred or involved rights, remedies, or obligations which it does not have, or which are prohibited by law, in violation of the DTPA; and

t.      Whether Plaintiff and the Class members have sustained damages as a result of the Company's unlawful conduct; and

u.      Determination of the appropriate amount of damages suffered by Plaintiff and the Class members; and

v.      Whether Plaintiff and the Class members are entitled to injunctive relief; and

w.    Whether Plaintiff and the Class members are entitled to punitive damages and, if so, in what amount.

51.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy due to, but not limited to, the following:

a.  Prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class and would establish incompatible standards of conduct for the party opposing the class; and/or

b.  Adjudications with respect to individual members of the class would be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; and/or

c.  The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; and/or

d.  The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

## COUNT ONE
## CONSTRUCTIVE TRUST

52.    Paragraphs 1 through 51 are incorporated herein by reference

53.    Plaintiff asserts this claim against Defendant on behalf of himself and the Class.

54.    The Company had a fiduciary relationship with Plaintiff and each member of the Class.

55.    By billing and collecting money from Plaintiff and members of the Class for subscription fees and other charges after they cancelled their accounts, the Company has

breached the fiduciary relationship and has benefited by fraud, duress, and/or the taking of an undue advantage, at the expense of consumers, including the Plaintiff and members of the proposed class.

56.     The profits obtained thereby constitute unjust enrichment of the Company.

57.     Accordingly, the Court should impose a constructive trust on such profits and/or should require the Company to disgorge those profits and/or make restitution to the Plaintiff and the members of the proposed class.

## COUNT TWO
## UNJUST ENRICHMENT

58.     Paragraphs 1 through 57 are incorporated herein by reference.

59.     Plaintiff asserts this claim against Defendant on behalf of himself and the Class.

60.     By billing and collecting money from Plaintiff and members of the Class for Subscription fees and other charges after they cancelled their accounts, the Company has benefited from Plaintiff and each member of the Class by fraud, duress, and/or the taking of an undue advantage.

61.     By using their credit card, debit card, and/or bank account information after cancellation, the Company took undue advantage of Plaintiff and the class members.

62.     It would be unconscionable for the Company to retain the monies billed and collected from Plaintiff and the class members after they cancelled their accounts.

63.     Thus, the profits obtained thereby constitute unjust enrichment of the Company.

64.     Accordingly, the Court should impose a constructive trust on such profits and/or should require the Company to disgorge those profits and/or make restitution to the Plaintiff and the members of the proposed class.

## COUNT THREE
## <u>CONVERSION</u>

65.  Paragraphs 1 through 64 are incorporated herein by reference.

66.  Plaintiff asserts this claim against Defendant on behalf of himself and the Class.

67.  Plaintiff and/or each member of the Class owned or had legal possession of the monies collected by the Company for payment of Service fees and other charges after cancellation.

68.  Without authorization by Plaintiff and each member of the Class, the Company has assumed and exercised its dominion and control over the personal property of Plaintiff and each member of the Class, to the exclusion of, or inconsistent with the rights of Plaintiff and each class member.

69.  The Company knowingly and/or intentionally charged and collected money from Plaintiff and each Class member by billing them, without their authorization or approval, for Service fees and other charges after they cancelled their accounts.

70.  The Company knowingly and/or intentionally charged and collected such money through Plaintiff's and each Class member's respective credit cards, debit cards, bank accounts, and/or other means.

71.  Plaintiff demanded return of his property.

72.  The Company refused to return his property.

73.  Accordingly, the Company converted to its own dominion and control, the personal property, specifically monies, of the Plaintiff without his authorization and inconsistent with his rights.

74.  As a result of the Company's unlawful acts, Plaintiff suffered damages.

75.     The specific amount of Plaintiff's and each class member's unlawfully converted property is readily identifiable from information and records in the Company's possession and/or control.

## COUNT FOUR
## MONEY HAD AND RECEIVED

76.     Paragraphs 1 through 75 are incorporated herein by reference.

77.     Plaintiff asserts this claim against Defendant on behalf of himself and the Class.

78.     Plaintiff and/or each member of the Class owned or had legal possession of the monies collected by the Company for payment of Service fees and other charges after cancellation.

79.     The Company obtained the monies of the Plaintiff and each member of the Class, without their authorization or approval, for Service fees and other charges after they cancelled their accounts.

80.     The monies collected by the Company after cancellation rightfully belong to Plaintiff and each member of the Class.

81.     Accordingly, the Company has obtained monies which, in equity and good conscience, belong to Plaintiff and each member of the Class.

82.     As a result of the Company's unlawful acts, Plaintiff  and each class member have suffered damages.

## COUNT FIVE
## NEGLIGENCE

83.     Paragraphs 1 through 82 are incorporated herein by reference.

84.     Plaintiff asserts this claim against Defendant on behalf of himself and the Class.

85.     Plaintiff and the class members entered into contracts with the Company whereby the Company agreed to cancel their accounts if Plaintiff and the class members called True.com and requested cancellation.

86.     It was foreseeable to the Company that its subscribers, including Plaintiff and the class members, would attempt to cancel their subscriptions by calling True and requesting cancellation.

87.     Given this foreseeable result, the Company owed a duty of due care to Plaintiff and the class members to take appropriate measures and implement sufficient systems to ensure that Plaintiff and the class members could successfully cancel their subscriptions by calling True and requesting cancellation.

88.     Plaintiff and the class members called True and cancelled their subscriptions.

89.     Despite their cancellations, Plaintiff's and the class members' subscriptions were not cancelled by the Company and Plaintiff and the class members were charged unauthorized post-cancellation fees.

90.     Upon information and belief, most organizations that make a majority of their sales via online subscriptions and/or memberships maintain an online system for written cancellation of subscriptions and/or memberships.

91.     Given that, upon information and belief, a majority of the Company's subscriptions are purchased online via True.com, it is unreasonable for the Company not to also maintain an online cancellation system and written record of subscription cancellations.

92.     Accordingly, by failing to take appropriate measures and implement sufficient systems to ensure that subscribers could successfully cancel their subscriptions, the Company breached its duty to Plaintiff and the class members.

93.     Plaintiff and the class members have suffered damages as a proximate cause of the Company's breach.

94.     Plaintiff and the class members are entitled to injunctive relief preventing the Company's ongoing negligent conduct and demanding that the Company implement sufficient systems for cancellation of subscriptions.

**COUNT SIX**
**BREACH OF CONTRACT**

95.     Paragraphs 1 through 94 are incorporated herein by reference.

96.     Plaintiff and the class members entered into the "Terms of Conditions" and "Terms of Use" with the Company whereby the Company agreed to cancel their accounts if Plaintiff and the class members called True.com and requested cancellation.

97.     According to the "Terms of Use," Plaintiff and each class member agreed that "to change or terminate my account and my membership subscription at any time, I agree to contact a TRUE Customer Care representative by phone between the hours of 8 a.m. and 8 p.m. (Central) Monday through Friday, and between the hours of 10 a.m. and 7 p.m. (Central) on Saturday and Sunday."

98.     Plaintiff and the class members contacted True by telephone as specified above and requested cancellation of their subscriptions.

99.     The Company did not cancel Plaintiff's and the class members' subscriptions and, instead, continued to charge and collect fees from Plaintiff and the class members.

100.    Consequently, the Company breached the conditions of the "Terms of Use".

101.    As a result, Plaintiff and the class members suffered damages.

**COUNT SEVEN**
**UNCONSCIONABILITY/UNENFORCEABLE PENALTY**

102.    Paragraphs 1 through 101 are incorporated herein by reference.

103.    Plaintiff asserts this claim against Defendant on behalf of himself and the Class.

104.    According to the Company's "Terms and Conditions," the subscriber "agree[s] and acknowledge[s] that if you fraudulently report the card used to obtain your subscription as stolen, or if you fraudulent [sic] report that an authorized charge by True.com or its authorized agents is unauthorized agents is unauthorized, you shall be liable to True.com for liquated damages of One Thousand Dollars ($1,000.00) per incident.

105.    In the event a subscriber makes a fraudulent report that his/her card has been stolen and/or that an authorized charge by the Company or its agents is unauthorized, the actual damages suffered by the Company are capable of estimation.

106.    The amount of liquated damages called for by the Agreement, namely one thousand dollars ($1,000.00) per incident, is not a reasonable forecast of just compensation.

107.    The aforementioned liquidated damages clause included in the Agreement is substantively unconscionable and an unenforceable penalty.

108.    The aforementioned liquidated damages clause included in the Agreement is a contract term of adhesion.

109.    Accordingly, Plaintiff and the members of the Class are entitled to an order enjoining the Company from enforcing the provision described herein and including the provision in any and all future agreements, contracts, and/or terms and conditions.

## COUNT EIGHT
## UNCONSCIONABLE AND UNENFORCEABLE PROVISION

110.    Paragraphs 1 through 109 are incorporated herein by reference.

111.    Plaintiff asserts this claim against Defendant on behalf of himself and the Class.

112.    According to the Company's "Terms of Use," the subscriber "consent[s] and license[s] True.com® ("TRUE") to use and disclose the content that [the subscriber] furnish[es]

in providing the Service.  Additionally, [the subscriber] grant[s], and [the subscriber] represent[s] and warrant[s] that [the subscriber] ha[s] the right to grant, to TRUE, its affiliates, licensees and successors and other non-affiliated third parties an irrevocable, perpetual, non-exclusive, fully paid, worldwide license to use, copy, perform, display, reproduce, adapt, modify, and distribute such information and content, and to grant and authorize sublicenses of the foregoing in any medium. [The subscriber] further represent[s] and warrant[s] that public posting and use of [the subscriber's] content by TRUE will not infringe or violate the rights of any third party[.]"

113.   The aforementioned contract term is a contract term of adhesion and is substantively unconscionable.

114.   By granting the Company and all of its agents, affiliates, non-affiliates, successors, and licensees a worldwide, irrevocable, and perpetual license to use Plaintiff's (and each class member's) likeness and information *without consideration*, the aforementioned contract term is so highly one-sided that it is unconscionable under the circumstances existing at the time of contracting.

115.   The aforementioned contract term is also substantively unconscionable given the relative bargaining power and knowledge of the parties at the time of contracting.

116.   Plaintiff is a layperson and did not have legal representation at the time he entered into the contract.

117.   Upon information and belief, a majority of the proposed class are laypersons and do not obtain legal representation at the time of contracting.

118.   Accordingly, Plaintiff and the members of the Class are entitled to an order enjoining the Company from enforcing the provision described herein and/or including the provision in any and all future agreements, contracts, and/or terms and conditions.

**COUNT NINE**

**VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT**

**Texas Business & Commerce Code § 17.41, *et seq.***

119.   Paragraphs 1 through 118 are incorporated herein by reference.

120.   The Company's marketing campaign is designed to convince consumers that, for a specified time period, they can sign up for the Service, use the Service, and cancel the Service, all free of charge.

121.   The Company's marketing campaign is designed to convince consumers that, once they cancel their Service, they will no longer be charged and/or responsible for any subsequent fees.

122.   In fact, however, the Company knowingly, intentionally, and/or recklessly charges and collects money from former subscribers after they cancel the Service.

123.   The Company deceives consumers by failing to inform them, via its marketing campaign, that the Company continues to charge and collect monthly fees after cancellation.

124.   The Company sends false and misleading electronic mail messages to its former subscribers after the former subscribers have cancelled their accounts.

125.   The electronic mail messages that are sent by the Company convey the message to the former subscriber that other True.com subscribers are interested in contacting the former subscriber via the Service.

126.   These messages are false and misleading.  Upon information and belief, the electronic mail messages sent by the Company are not delivered due to interest in the former subscriber by other current subscribers.  Instead, upon information and belief, the electronic mail messages are sent by the Company on behalf of fraudulent and/or non-existing subscribers.

127.    If a former subscriber opens one of the aforementioned fraudulent, false, and misleading electronic mail messages, the former subscriber is automatically reactivated as a subscriber to the Service, without the authorization or consent of the former subscriber.

128.    After alleged reactivation, the Company charges and collects fees from the former subscribers without their knowledge or consent.

129.    As of the filing of this Complaint, the True.com website made numerous false and/or misleading representations, including the following:

    a.    On the website's homepage (www.true.com) the Company advertises that subscribers can "Sign Up Free" and "Contact Members Free."

    b.    On the page titled "Free Trial," the Company states that subscribers may "Reply Now FREE!" and "Cancel at any time."

    c.    On the page titled "Welcome," the Company states that subscribers may "Search for FREE and contact thousands of singles."

    d.    On the page titled "Safer Online Dating FAQ," the Company purports to answer several "Frequently Asked Questions" regarding the Service.

        i.    The "FAQ" page contains the following question: "How much does a membership cost?" The FAQ page provides the following answer: "Membership is free. When you complete your profile, take the TRUE Compatibility Test, agree to abide by the TRUE Code of Ethics and User Agreement and post a picture, you will automatically become a member. We offer several subscription levels that allow full site access, including the ability to communicate with other quality singles on the site: $49.99 for one month (30 days), $79.99 for three months (90 days) and $129.99

for six months (180 days)." The answer provided is false and misleading. First, the answer states that membership is "free," but later notes that the "subscription levels" range from $49.99 to $129.99.

ii. The "FAQ" page contains the following question: "How do I cancel my membership?" The FAQ page provides the following answer: "Please contact Customer Care by phone toll-free at 1.866.212.8198 or, for international callers, 1.972.374.9402 (toll charges apply) to cancel your membership." The answer provided is false and misleading. Even if the Company's customers call the above numbers and request cancellation as directed, the Company continues to charge and collect fees from the former customers without their permission or consent. Former subscribers do not agree to be charged such subscription fees after they have terminated their accounts.

iii. The "FAQ" page contains the following question: "How do I reinstate my membership?" The FAQ page provides the following answer: "Please contact Customer Care by email or by phone toll-free at 1.866.212.8198 or, for international callers 1.972.374.9402 (toll charges apply), to reinstate your membership." The answer provided is false and misleading. The Company has a pattern and practice of reinstating membership of former subscribers without their former subscriber's authorization or consent and even if the former subscribers do not complete the above steps. After the Company reinstates their former subscribers' membership without request or authorization by their former subscribers, the Company

bills their accounts and collects monthly subscription fees from their former subscribers. Former subscribers do not agree to be charged such subscription fees after they have terminated their accounts.

    iv.   The "FAQ" page contains the following question: "What if I want to cancel my access to the Coaching Center?" The FAQ page provides the following answer: "You can cancel at any time. Click on My Account (underneath Tools on the left navigation) and click the link that says 'Cancel My Exclusive Access to the Coaching Center.'" The answer provided is false and misleading. Even if a subscriber completes the steps listed in the above answer, the Company does not cancel the subscriber's access to the Coaching Center. Instead, the Company continues to bill monthly service fees to subscribers for the Coaching Center, after cancellation and without the subscribers' authorization or consent.

130.    The Company makes these false and/or misleading representations in order to knowingly, intentionally, and/or recklessly attempt to deceive subscribers by failing to inform them that the Company continues to bill and collect monthly fees after cancellation.

131.    Plaintiff asserts this claim against Defendant on behalf of himself and the Class.

132.    The Company is a "person" within the meaning of TEX. Bus. & C. Code § 17.45 (3), and provides "services" within the meaning of TEX. Bus. & C. Code § 17.45 (2).

133.    The Company's former customers, including Plaintiff and the class members, are "consumers" within the meaning of TEX. Bus. & C. Code § 17.45 (4).

134.    Plaintiff and each class member's purchase of the Service(s) advertised and sold by Defendant, and/or each imposition of fees to Plaintiff and each class member after

cancellation, constitutes an "unconscionable action or course of action" within the meaning of

TEX. Bus. & C. Code § 17.4 (5).

135.    Plaintiff and each class member have suffered a detriment as a result of

Defendant's unconscionable actions and/or course of action.

136.    As explained fully herein, Defendant's actions, practices, representations,

omissions, and conduct with respect to charging subscription fees and other fees to former

subscribers after they have cancelled their accounts violate the Deceptive Trade Practices and

Consumer Protection Act, §§ 17.50(a)(3), 17.46(b)(5),  17.46(b)(9), 17.46(b)(12), 17.46(b)(24)

in that:

    a.   The Company engaged in an act or practice which, to the detriment of Plaintiff

and each class member, took advantage of the lack of knowledge, ability,

experience, or capacity of Plaintiff and each class member to a grossly unfair

degree; and/or

    b.   The Company represented that its Service(s) have characteristics and/or benefits

which it does not have; and/or

    c.   The Company advertised its Service(s) with the intent not to sell them as

advertised; and/or

    d.   The Company represented that the Agreement entered into between Plaintiff and

the Company and each class member and the Company conferred or involved

rights, remedies, or obligations which it does not have, or which are prohibited by

law; and/or

    e.   The Company failed to disclose information concerning its Service(s) which was

known at the time of the Agreement entered into between Plaintiff and the

Company and each class member and the Company, and the Company's failure to disclose such information was intended to induce Plaintiff and each class member into the Agreement.  If the Company had disclosed such information, neither Plaintiff nor each class member would have entered into the Agreement.

137.     Pursuant to TEX. Bus. & C. Code § 17.50 (b) *et seq.*, Plaintiff and each class member are entitled to the following relief:

    a.  Treble economic damages

    b.  Actual damages

    c.  Injunctive relief

    d.  Attorney's fees and costs

    e.  Restitution.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for the following relief:

1.    An order certifying the Class and appointing Plaintiff and his counsel of record to represent the Class;

2.    An order enjoining Defendant from engaging in the conduct and practices complained of herein;

3.    Restitution, disgorgement, and such other equitable relief this Court deems proper;

4.    Actual damages sustained by Plaintiff and all others similarly situated as a result of Defendant's unlawful conduct and practices complained of herein;

5.    Punitive damages;

6.  Pre-judgment and post-judgment interest;

7.  Treble damages;

8.  Reasonable attorney's fees and costs of suit; and

9.  Such other relief that this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all claims so triable.

DATED:  June 12, 2007

Respectfully submitted,

Jon G. Shepherd
Texas Bar No. 00788402
Sarah R. Vollbrecht
Texas Bar No. 24042102
CREWS, SHEPHERD & MCCARTY LLP
2200 Ross Avenue, Suite 4650W
Dallas, Texas  75201
(214) 432-7770

Jonathan K. Tycko
D.C. Bar No. 445851
Andrea R. Gold
D.C. Bar No. 502607
TYCKO & ZAVAREEI LLP
2000 L Street, N.W., Suite 808
Washington, DC 20036
(202) 973-0900

*For Plaintiff Thomas Wong*



CAUSE NO. 07-05545

| | | |
|---|---|---|
| THOMAS WONG, on behalf of himself and all others similarly situated, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| TRUEBEGINNINGS, LLC, d/b/a TRUE.COM, | § § § | |
| Defendant. | § § | 14TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant TrueBeginnings, LLC d/b/a True.com ("Defendant") files this Original

Answer to Plaintiff's Original Petition ("Petition") filed by Thomas Wong ("Plaintiff")

and states:

## I.

## GENERAL DENIAL

Defendant denies all the allegations contained in Plaintiff's Petition pursuant to

Rule 92 of the Texas Rules of Civil Procedure and demands strict proof thereof in

accordance with the laws of the State of Texas.

## II.

## PRAYER

Defendant requests the following relief:

A.   That Plaintiff take nothing by reason of his suit;

B.   That Plaintiff's claims be dismissed with prejudice;

C.   That Defendant recover its attorneys' fees and costs of court; and

D.   That Defendant has all such other and further relief, at law and in equity, to

which Defendant may show itself justly entitled.

Respectfully submitted,

**FIGARI & DAVENPORT, L.L.P.**

By: _Gary D Eisenstat_
     Gary D. Eisenstat
     State Bar No. 06503200
     Keith R. Verges
     State Bar No. 20547650
     John M. Barcus
     State Bar No. 24036185

3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
TEL: 214-939-2000
FAX: 214-939-2090

**ATTORNEY FOR DEFENDANT
TRUEBEGINNINGS, LLC d/b/a
TRUE.COM**

## CERTIFICATE OF SERVICE

On the 6th day of July, 2007, the foregoing instrument was sent by certified mail, return receipt requested, to Jon G. Shepherd, CREWS, SHEPHERD & MCCARTY, LLP, 2200 Ross Avenue, Suite 4650W, Dallas, Texas 75201 and Jonathan K. Tycko, TYCKO & ZAVAREEI, LLP, 2000 L Street, NW, Suite 808, Washington, D.C. 20036.

John M. Barcus



# TYCKO & ZAVAREEI LLP

2000 L STREET, N.W.

SUITE 808

WASHINGTON, D.C. 20036

(202) 973-0900   (202) 973-0950 (FAX)

**<u>Via UPS Overnight Delivery</u>**

March 30, 2007

True Beginnings LLC
c/o Herb Vest
5215 North O'Connor
Suite 1600
Irving, Texas 75039

> Re:   Thomas Wong, on behalf of himself and a class of other similarly situated
> individuals v. True Beginnings LLC – Notice Pursuant To Tex. Bus. &
> Com. Code § 17.505

Dear Mr. Vest:

Our law firm and the firm of Crews, Shepherd & McCarty LLP represent Thomas Wong in connection with his claims, on behalf of himself and a class of other similarly situated individuals, against True Beginnings LLC d/b/a True.com ("True"). This letter is being delivered to you pursuant to Tex. Bus. & Com. Code § 17.505.

Mr. Wong is a former subscriber to True and, on more than one occasion, was charged for subscription fees and other fees after he had cancelled his True.com subscription. Mr. Wong did not consent to such charges. Mr. Wong contacted True and demanded a refund of such fees, but True has refused to provide such a refund. Based upon our investigation and analysis, we believe that True is, and has been, engaged in a practice and/or pattern of charging former subscribers for subscription fees and other charges after cancellation. Accordingly, Mr. Wong's claims in this regard are typical of the claims of the class of similarly situated individuals.

As a True subscriber, Mr. Wong was purportedly subject to the "Terms of Use" and "Terms and Conditions" available via the True.com website. Several provisions contained in both documents are oppressive, unconscionable, and, therefore, unenforceable.

Specifically, the "Terms of Use" includes a provision stating that the subscriber "consent[s] and license[s] True.com® ("TRUE") to use and disclose the content that [the subscriber] furnish[es] in providing the Service. Additionally, [the subscriber] grant[s], and [the subscriber] represent[s] and warrant[s] that [the subscriber] ha[s] the right to grant, to TRUE, its affiliates, licensees and successors and other non-affiliated third

TYCKO & ZAVAREEI LLP

March 30, 2007
True Beginnings LLC c/o Herb Vest
Page 2

parties an irrevocable, perpetual, non-exclusive, fully paid, worldwide license to use, copy, perform, display, reproduce, adapt, modify, and distribute such information and content, and to grant and authorize sublicenses of the foregoing in any medium."

Also, according to the Company's "Terms and Conditions," the subscriber "agree[s] and acknowledge[s] that if you fraudulently report the card used to obtain your subscription as stolen, or if you fraudulent [sic] report that an authorized charge by True.com or its authorized agents is unauthorized agents is unauthorized, you shall be liable to True.com for liquated damages of One Thousand Dollars ($1,000.00) per incident."

During Mr. Wong's subscription period and after Mr. Wong's cancellation, True also engaged in various additional deceptive trade practices. For example, Mr. Wong received several misleading electronic mail messages from True that encouraged him to reply to messages from purported True subscribers who, upon information and belief, had not contacted Mr. Wong and were not actual active True members.

As a result of the unlawful conduct detailed above, Mr. Wong plans to file suit, on his own behalf and on behalf of the class of similarly situated individuals, against True for, *inter alia*, violations of the Texas Deceptive Trade Practices and Consumer Protection Act (the "DTPA").

Mr. Wong has suffered actual damages of approximately one-hundred and fifty dollars ($150). Under the DTPA, Mr. Wong is entitled to treble damages, punitive damages, attorney's fees and costs. While the exact number of persons who fall within the class Mr. Wong seeks to represent is unclear at this time, True boasts more than ten million subscribers. Assuming only ten percent (10%) of True subscribers fall within the proposed class, and assuming the average subscriber's actual damages are $50, class-wide actual damages would exceed $50 million, before any trebling or punitive damages. Mr. Wong, on his own behalf and on behalf of the class, also seeks to prohibit True from enforcing the provisions of the "Terms of Use" and "Terms and Conditions" cited above, and from engaging in the deceptive and/or wrongful practices discussed above, and will seek declaratory and injunctive relief in this regard.

To date, approximately $30,000 in attorneys' fees and expenses have been incurred in investigating, analyzing and preparing the potential claims of Mr. Wong and the class. The amount of fees and expenses may increase over time.

TYCKO & ZAVAREEI LLP

March 30, 2007
True Beginnings LLC c/o Herb Vest
Page 3


If you wish to discuss settlement with Mr. Wong and the class of similarly situated individuals, please feel free to contact me.

Very truly yours,

Jonathan K. Tycko

cc.    Jon G. Shepherd, Esq.
       Office of the Attorney General (via certified mail, return receipt requested)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Thomas Wong, on behalf of himself and all others similarly situated

## DEFENDANTS

TrueBeginnings, LLC d/b/a True.com

**(b)** County of Residence of First Listed Plaintiff   King County, Washington
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Jon G. Shepherd, CREWS, SHEPHERD & McCARTY, L.L.P., 2200 Ross Ave., Suite 4650W, Dallas, Texas 75201, 214/432-7770; 214/432-7771 (fax) and Jonathan C. Tycko, TYCKO & ZAVAREEI, L.L.P., 2000 L. Street, N.W., Suite 808, Washington, D.C. 20036, 202/973-0900; 202/973-0950 (fax)

Attorneys (If Known)

Gary D. Eisenstat, Keith R. Verges, John M. Barcus, FIGARI & DAVENPORT, L.L.P., 901 Main Street, Suite 3400, Dallas, Texas 75202, 214/939-2000, 214/939-2090 (fax)

3-07CV1244-N

RECEIVED

JUL 12 2007

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff And One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Law | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities–Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All other Real Property | ☐ 446 Amer. w/Disabilities–Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(d)(2), 1441

Brief description of cause:
Class action by subscribers to on-line dating service

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
Class Action Under Tex. R. Civ. P. 42

DEMAND $

CHECK YES only if demanded in complaint

JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY:
(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE 7/12/07

SIGNATURE OF ATTORNEY OF RECORD   Gary D. Eisenstat

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**United States District Court**
**Northern District of Texas**

*ORIGINAL*

**Supplemental Civil Cover Sheet For Cases Removed**
**From State Court**



RECEIVED
JUL 1 2 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.
District Clerk's Office.  Additional sheets may be used as necessary.**

1.    **State Court Information:**       **3 * 0 7 C V 1 2 4 4 - N**

   Please identify the court from which the case is being removed and specify the number
   assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 14th Judicial District Court, Dallas County | 07-05545 |

2.    **Style of the Case:  Thomas Wong, on behalf of himself and all others similarly situated
   v. TrueBeginnings, LLC d/b/a True.com**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s),
   Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their
   party type. Also, please list the attorney(s) of record for each party named and include their
   bar number, firm name, correct mailing address, and phone number (including area code.)

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Thomas Wong, Plaintiff | Jon G. Shepherd<br>Crews, Shepherd & McCarty, L.L.P.<br>2200 Ross Avenue, Suite 4650W<br>Dallas, Texas 75201<br>214/432-7700<br><br>Jonathan K. Tycko<br>Tycko & Zavareei, L.L.P.<br>2000 L. Street, N.W., Suite 808<br>Washington, D.C. 20036<br>202/973-0900 |
   | TrueBeginnings, LLC d/b/a True.com | Gary D. Eisenstat<br>Keith R. Verges<br>John M. Barcus<br>Figari & Davenport, L.L.P.<br>901 Main Street, Suite 3400<br>Dallas, Texas 75202<br>214/939-2000 |

**Supplemental Civil Cover Sheet**
**Page 2**

3.    **Jury Demand:**

Was a Jury Demand made in State Court?          x    Yes          ____ No

If "*Yes*," by which party and on what date?

Plaintiff _____          June 13, 2007
Party                                                                    Date

4.    **Answer:**

Was an Answer made in State Court?          x    Yes          ____ No

If "*Yes*," by which party and on what date?

Defendant _____          July 6, 2007
Party                                                            Date

5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                                      **Reason(s) for No Service**
N/A

6.    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                                      **Reason**
N/A

7.    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

**Party**                                                      **Claim(s)**
Plaintiff                                                         Class action alleging improper subscription fee charges and other complaints regarding Defendant's on-line business.

Defendant                                                      Denies Plaintiff's claims.