IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS WONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-1244-N |
| | § | |
| TRUEBEGINNINGS, LLC | § | |
| d/b/a TRUE.COM, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

This Order addresses Defendant TrueBeginnings, LLC, d/b/a True.com's ("True") Motion to Dismiss five of Plaintiff Thomas Wong's ("Wong") causes of action and his class allegations. Because Wong has failed to state a claim with respect to the challenged causes of action, the Court grants the motion in part, and because it is premature for the Court to determine whether Wong's proposed class definition is insufficient to support a claim for class relief, the Court denies in part True's motion.

### I. WONG'S COMPLAINT

True operates an online dating service. In August 2006, Wong began a free trial with True's website, www.true.com. As a requirement of accepting the free trial, Wong provided True with his credit card information and accepted True's "Terms of Use" and "Terms and Conditions" (collectively, the "Contract"). After the free trial expired, and in accordance with the Contract, Wong permitted True to charge his credit card in exchange for one month of membership.

ORDER – PAGE 1

The Contract provides that members will continue to be charged a monthly fee unless they cancel their memberships by contacting "a TRUE Customer Care representative by phone between the hours of 8 a.m. and 8 p.m. (Central) Monday through Friday, and between the hours of 10 a.m. and 7 p.m. on Saturday and Sunday." Wong attempted to cancel his membership through the website, but Wong was charged for another month. The following month, on October 11, Wong called True and attempted to cancel his account again. Nevertheless, Wong was charged for yet another month on November 29. On December 7, 2006, Wong made a second phone call to True to dispute the November charge and to cancel his membership. Some time went by, and then Wong was charged again in February. Wong made a third and final phone call to True to dispute the charge and to cancel his account. True did not offer a refund, and Wong has not been charged again.

During the last phone call, a True representative informed Wong that the February charge occurred because he had reactivated his account. Wong alleges that True sends former customers "false and misleading emails" that causes some unwittingly to reactivate their subscriptions. It is not clear from the Complaint, and Wong himself may not know, whether e-mail reactivation explains the February charge or either of the other disputed charges. True denies that Wong's membership account was cancelled when the charges to his credit card were made.

Wong advances at least nine causes of action, five of which True now moves to dismiss. True moves to dismiss on the grounds that Wong has not pled facts that could sustain claims that (1) True had fiduciary duties to Wong such that a constructive trust should

be imposed, (2) True converted Wong's property to its own dominion and control, (3) True acted negligently in failing to maintain an online cancellation system and to implement sufficient systems to effectively respond to customers' cancellation requests made by phone, (4) the Contract's liquidated damages clause is unconscionable and unenforceable, and True should be enjoined from enforcing it or including it in future agreements, and (5) the Contract's provision granting to True an "irrevocable, perpetual, non-exclusive, fully paid, worldwide license" in the "content that [the subscriber] furnish[es]" is unconscionable and unenforceable.  Although he has not yet moved for class certification, Wong alleges that the action is properly maintainable as a class action, and proposes the following class definition: "all persons who . . . were charged service fees by Defendant after they cancelled their True.com subscription."  True also seeks to dismiss the class allegations.

## II. RULE 12(B)(6) STANDARD

When faced with a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  According to the Supreme Court, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face," i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]."  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965, 1974 (2007).[1]  A plaintiff is required, however, to provide "more than labels and conclusions, and

---

[1]"Although the context of this discussion in *Bell Atlantic* was the Sherman Act, nothing in the reasoning of the decision would appear to limit its scope to Sherman Act Claims." *Halaris v. Viacom Inc.*, No. 3:06-CV-1646-N, at 9 (N.D. Tex. Sept. 21, 2007).

a formulaic recitation of a cause of action will not do." *Id.* at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). In ruling on a Rule 12(b)(6) motion, the court must limit its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

### III. WONG'S PROPOSED CLASS DEFINITION IS SUFFICIENT TO SUPPORT A CLAIM FOR CLASS RELIEF

The Fifth Circuit's recent decision in *John v. Nat'l Security Fire and Cas. Co.* establishes that class allegations may be dismissed for "failure to plead an ascertainable class." No. 07-30237, 2007 WL 2743633, at *1 (5th Cir. Sept. 21, 2007). The district court dismissed the plaintiffs' class allegations pursuant to 12(b)(6) because the plaintiffs' proposed class definition failed to identify an ascertainable class, and the Fifth Circuit affirmed. *Id.* The Court explained that the plaintiffs were "incorrect insofar as they [argued] that . . . dismissal of a class allegation on the pleadings is never proper," and that "[w]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *Id.* Accordingly, the Court will consider True's motion to strike Wong's allegations.

True moves to dismiss Wong's class allegations on the basis that the proposed class is an impermissible failsafe class. Wong's proposed class is :"all persons who . . . were charged service fees by Defendant after they cancelled their True.com subscription." True points out that cancellation is not such a clear, bright line concept as Wong would suggest.

A member who calls intending to cancel may be persuaded not to cancel; a member who cancels may thereafter renew; that renewal may or may not have been triggered by a misleading email; and True may or may not have subsequently charged that members account. Thus, True argues, in order to define an appropriate class, the definition would involve a lengthy investigation into the merits, and determination of class membership would require a case-by-case examination of each potential class member's circumstances. Wong responds in part that discovery of True's computer records may disclose with ease the identity of the putative class members.[2]

The Court has some reservations regarding whether Wong will ever be able to propose a class that is readily identifiable and certifiable. At this relatively early stage of the litigation, when Wong has not had an opportunity to complete possibly pertinent discovery, the Court is reluctant to say, based only on the face of Wong's pleadings, that he could never get there. Accordingly, the Court denies True's motion to dismiss Wong's class allegations.

### IV. WONG HAS NOT ALLEGED A FIDUCIARY RELATIONSHIP

Although Wong concedes that the alleged fiduciary duties did not arise from a formal relationship that, by operation of Texas law, automatically created such duties, he argues that True owed fiduciary duties because they had an informal, confidential relationship.

Texas courts have recognized that fiduciary duties may arise from informal, confidential relationships "where one person trusts in and relies upon another, whether the relation is a moral, social, domestic, or merely personal one." *Lee v. Hasson*, No. 14-05-

---

[2]This is the subject of a discovery dispute presently pending before the Court.

00004-CV, 2007 WL 236899, at *8 (Tex. Civ. App. – Houston [14th Dist.] Jan. 30 2007, pet. filed). But Texas courts "do not create such a relationship lightly," and:

> a person is justified in placing confidence in the belief that another party will act in his or her best interest only where he or she is accustomed to being guided by the judgment or advice of the other party, and there exists a long association in a business relationship, as well as a personal friendship.

*Id.* at *9.

Wong has not stated a plausible claim that True owed him fiduciary duties. Wong's relationship with True bears no similarities to the informal fiduciary relationships contemplated by Texas courts. *Cf. Thigpen v. Locke*, 363 S.W.2d 247 (Tex. 1962) (declining to find a fiduciary duty even where parties were "close friends," and the alleged fiduciary helped guarantee loans, served as a business advisor, and was a shareholder in the other party's corporation). Wong's allegedly "confidential" relationship with True was limited to paying True, making use of True's website, disputing charges, and calling to cancel his membership. There is no indication that Wong placed any material confidence in True, and, even if he did, there is no indication that he had justifiable reason to believe that True would act in his best interest. Therefore, Wong did not have an informal, confidential relationship with True that would give rise to fiduciary duties.

Wong's alternative argument that True's "disproportionate bargaining power and control" created fiduciary duties also fails. Texas courts have accepted this argument in the insurance context because "insurance contracts . . . would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims." *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex. 1987). The Court finds

no comparable public policy involved in the current context and concludes that Texas courts would not extend the "bargaining power" theory of fiduciary duty to the context of dating websites. *See City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex. 2000) (refusing to extend the bargaining power theory to the context of employment relationships). Accordingly, the Court dismisses Wong's claim that True owed and violated fiduciary duties.

### V. WONG HAS FAILED TO STATE A CLAIM FOR NEGLIGENCE

In order to state a claim for negligence, Wong must adequately allege that True breached a duty owed to him that was not created by the Contract. The Texas Supreme Court has held that where a plaintiff seeks "damages for breach of duty created under the contract, rather than a duty imposed by law, the claim sound[s] only in contract." *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Nonetheless, "[i]f the defendant's conduct . . . would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort." *Id*.

True's duty to maintain a system capable of handling cancellation requests, if it owed such a duty, arose solely under contract. Arguing otherwise, Wong cites *Montgomery Ward & Co. v. Sharrenbeck*. 204 S.W.2d 508 (Tex. 1947). In *Sharrenbeck*, the defendant contracted to repair the plaintiffs' water heater, and, shortly after performance, the water heater caused the plaintiffs' home to catch fire. The court permitted the plaintiffs to maintain a negligence claim, and Wong argues that he should similarly be permitted. The argument fails; Montgomery Ward had a duty not to burn down the Sharrenbeck's house whether there was a contract or not. If True owed Wong a duty to maintain an efficient cancellation

ORDER – PAGE 7

system, it is only because the Contract entitled Wong to cancel his membership without having to incur additional fees.

### VI. WONG'S OBJECTION TO THE LIQUIDATED DAMAGES PROVISION IS NOT RIPE

Wong's claim for declaratory relief is justiciable only if there is an actual controversy, i.e., if "the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002).

Wong has not demonstrated that there is an actual controversy. The Contract provides in pertinent part: "You agree and acknowledge that if you . . . *fraudulently report* that an *authorized* charge by True.com . . . is unauthorized, you shall be liable to True.com for liquidated damages of One Thousand Dollars ($1000.00) per incident." (emphasis added). It is not at all clear, nor has True alleged, that either Wong's lawsuit or his phone calls to True constitute "reporting" a charge. Additionally, it is not at all clear, nor has True alleged, that if Wong has reported a charge, he did so "fraudulently." Finally, it is not clear, even if Wong did fraudulently report charges, that those were "authorized" charges. In short, the debate over the liquidated damages clause is still far removed from an actual controversy. The Court will not "express legal opinions on academic theoreticals which might never come to pass." *American Fidelity & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453 (5th Cir. 1960). Because it is not of sufficient immediacy and reality,

the Court dismisses Wong's claim that the liquidated damages clause in unenforceable and unconscionable.

### VII. THE LICENSING PROVISION IS NOT UNCONSCIONABLE

Wong advances two theories for his claim that the Contract's licensing provision is unconscionable and therefore unenforceable. First, he argues that the provision is a term of adhesion and is substantively unconscionable. Second, he argues that he did not receive consideration in exchange for granting the license. Wong has not plead facts to make either argument plausible.

Adhesion contracts are rarely unenforceable in Texas. They may be unenforceable if, "given the parties' general commercial background and the commercial needs of the particular trade or case, the terms are so one-sided that they are unconscionable under the circumstances existing when the parties made the contract." *In Re Media Arts Group, Inc.*, 116 S.W.3d 900, 911-12 (Tex. App. – Houston [14th Dist.] 2003, orig. proceeding [mand. denied]). One Texas court of appeals, following other jurisdictions, has described an unconscionable contract as one which "no man in his senses and not under a delusion would enter into and which no honest and fair person would accept." *Blount v. Westinghouse Credit Corp.*, 432 S.W.2d 549, 554 (Tex. App. – Dallas 1968, no writ hist.). Another court of appeals has said that courts should consider "whether the contract is illegal or against public policy, and whether [it] is oppressive or unreasonable." *Wade v. Austin*, 524 S.W.2d 79, 86 (Tex. App. – Texarkana 1975, no writ).

The licensing provision is not substantively unconscionable. The only "unconscionable" result of the provision that can be discerned from Wong's allegations is that True may continue, after Wong has cancelled his membership, to allow website visitors to view the content submitted by Wong. Wong fails to plead facts showing that no "honest and fair" people would accept that result, and the Court holds that it is not unconscionable.

There is also no merit to Wong's argument that he did not receive consideration in exchange for granting the license. The licensing provision is an element of the Contract to which Wong agreed in order to obtain the dating services that True offered. Access to those dating services was consideration for Wong granting the license.

### VIII. WONG HAS NOT STATED A CLAIM FOR CONVERSION

To state a claim for conversion, Wong must show that True has "breache[d] an obligation to deliver a specific, identifiable sum of money." *Intermarkets U.S.A., Inc. v. C-E-Natco, a Division of Combustion Engineering, Inc.*, 749 S.W.2d 603 (Tex. App. – Houston [1st Dist.] 1988, writ denied). In other words, Wong fails to state a claim for conversion if True's obligation is "more analogous to an obligation to pay money generally than to return or deliver money as specific chattel." *Mitchell Energy Corp. v. Samson Resources Co.*, 80 F.3d 976, 984 (5th Cir. 1996). In deciding whether there is a claim for conversion, Texas courts have applied two tests. There is a claim for conversion if (1) "it is in the form of specific chattel, such as old coins," or (2) "if the money is delivered to another party for safekeeping, the keeper claims no title, and the money is required and intended to be

segregated, either substantially in the form in which it was received or as an intact fund." *Id*.

True's alleged obligation is more analogous to an obligation to pay money generally, and therefore Wong has not stated a claim for conversion. A conversion claim is not countenanced by either of the tests developed by Texas courts; the money owed is not in the form of specific chattel, and it was not delivered to True for safekeeping. In light of this and the "Texas courts' traditional hostility to claims for conversion of money," the Court is extremely hesitant to recognize a claim for conversion. *In re TXNB Internal Case*, 483 F.3d 292, 308 (5th Cir. 2007). In light of the additional fact that this case is essentially a contractual dispute, the Court must conclude that Wong has not stated a claim for conversion; the mere fact that True has already received the amount in controversy does not change the fact that the case involves a standard breach of contract and "an obligation to pay money generally."

## CONCLUSION

The Court cannot say based only on the face of the pleadings that Wong's proposed class definition could never support a claim for class relief. Additionally, the Court determines that Wong has failed to state a claim with respect to the five challenged causes of action. Accordingly, the Court grants in part and denies in part True's motion to dismiss.[3]

---

[3] The Court will, by separate Order, reschedule hearing of the parties' pending discovery dispute.

Signed April 3, 2008.

_____
David C. Godbey
United States District Judge